UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORRAINE H.,

                **Plaintiff,**

    vs.                                        5:21-cv-0013
                                                    (MAD/TWD)
**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**
_____

APPEARANCES:                                        OF COUNSEL:

**OLINSKY LAW GROUP**                      **HOWARD D. OLINKSY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **LUIS PERE, ESQ.**
6401 Security Boulevard                    **PAUL NITZE, ESQ.**
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On March 1, 2018, Plaintiff filed an application for Social Security Disability Insurance Benefits, alleging a disability onset date of August 28, 2017, due to rheumatoid arthritis and depression. *See* Administrative Transcript ("Tr.") at 65-66, 214-15, 238. Her claim was initially denied on June 7, 2018, and denied on reconsideration on July 27, 2018. *Id.* at 76, 91. A hearing was then conducted on February 4, 2020, before Administrative Law Judge ("ALJ") Elving L. Torres. *Id.* at 38-74. On April 1, 2020, ALJ Torres denied Plaintiff's application for benefits. *Id.*

1

at 15-26.  The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on November 2, 2020.  *Id.* at 1-6.

Plaintiff commenced this action on January 1, 2021, and the parties subsequently cross-moved for judgment on the pleadings.  *See* Dkt. Nos. 11, 16.  In a September 13, 2022 Report-Recommendation and Order, Magistrate Judge Dancks recommended that the Court affirm the decision of the Commissioner and dismiss this action.  *See* Dkt. No. 18.  Currently before the Court are Magistrate Judge Dancks' Report-Recommendation and Order and Plaintiff's objections to it.  *See* Dkt. No. 19.  For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation and Order is adopted in its entirety.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the parties are referred to the Report-Recommendation and Order of Magistrate Judge Dancks.  *See* Dkt. No. 19.

## III. DISCUSSION

**A.     Standard of Review**

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence.  *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)) (other citations omitted). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  **The ALJ's Decision**

A person is disabled when he is unable "to engage in substantial activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

3

42 U.S.C. § 423(d)(1)(A). Furthermore, a claimant's physical or mental impairment must be of "such severity" that

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). There is a five-step analysis to evaluate disability claims:

> First, the [ALJ] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [ALJ] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [ALJ] will consider him disabled without considering vocational factors such as age, education, and work experience; the [ALJ] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [ALJ] then determines whether there is other work which the claimant could perform. … [T]he claimant bears the burden of proof as to the first four steps, while the [agency] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

In his decision denying Plaintiff's application, the ALJ first found that Plaintiff has not engaged in substantial gainful activity since August 28, 2017, the alleged onset date. Tr. at 17. At the second step, the ALJ found the following severe impairments: "history of rheumatoid arthritis, cervical spine disc bulges with mild stenosis and herniated nucleus pulposus (HNP) at C5-6 level, and recent moderate kidney disease from nonsteroidal anti-inflammatory drugs

4

(NSAIDs)." *Id.* at 18.  Plaintiff contends that the ALJ failed to identify Plaintiff's migraines as an impairment at the second step.  Dkt. No. 19 at 1-2.  At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. at 20.

ALJ Torres next concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following restrictions:

> she can frequently climb, balance, stoop, kneel, crouch, and crawl; can never climb ladders, scaffolds, ropes, or at open unprotected heights; can stand and/or walk for about six hours in an eight-hour workday and can sit for about six hours in an eight-hour workday, each position considering the standard breaks; and must avoid extreme heat, extremely loud noise work environment, extreme vibrations, and direct extreme bright lights, such as strobe or flashing lights.

*Id.*  Accordingly, at step four, the ALJ found that Plaintiff was able to perform her past relevant work as an office assistant and recruiter.  *Id.* at 25.  Thus, the ALJ found her not disabled.  *Id.* at 26.

**C.     Magistrate Judge Dancks' Report-Recommendation and Order**

In a September 13, 2022 Report-Recommendation and Order, Magistrate Judge Dancks recommended that this Court affirm the Commissioner's decision denying disability benefits.  *See* Dkt. No. 19.  Magistrate Judge Dancks rejected Plaintiff's three arguments.  Plaintiff argued that (1) the ALJ failed to address Plaintiff's impairment of migraines at step two, including whether Plaintiff's migraines met or medically equaled a listing; (2) the ALJ's RFC determination is unsupported by substantial evidence because the ALJ failed to properly address the opinions of Dr. Raptoulis and Dr. Schneider; and (3) Plaintiff has a severe mental impairment.  *See* Dkt. No. 11.

First, Magistrate Judge Dancks found that ALJ Torres considered Plaintiff's migraines throughout his decision and that they do not meet or medically equal a listing. *See* Dkt. No. 19 at 6-13. Magistrate Judge Dancks noted that although the ALJ did not reference Plaintiff's migraines at step two, he discussed Plaintiff's migraines as part of the RFC determination. *Id.* at 9. In his RFC determination, the ALJ stated that Plaintiff "alleged a variety of symptoms stemming from rheumatoid arthritis, including migraines, fatigue, loss of grip strength, lightheadedness, reduced range of motion, muscle spasms, nausea, vomiting, numbness, stiffness, swelling, tingling, tremors, sensitivity to light, and sensitivity to noise," but found the "majority of these allegations appear to be overstated." Tr. at 21. The ALJ, nonetheless, included "additional restrictions to fully accommodate any residual symptoms" in crafting the RFC, which included "limitations to avoid extreme heats, extremely loud noise, extreme vibration, and extreme bright lights, such as strobe lights." *Id.* at 24. Magistrate Judge Dancks therefore concluded that remand is not warranted because "even assuming it was error for the ALJ to conclude Plaintiff's migraines were not severe, it also was harmless. 'Courts have held that error at step two in determining the severity of impairments is harmless if the ALJ finds at least one other severe impairment and continues through the sequence of the disability analysis because the non-severe impairments can later be considered at the RFC stage.'" Dkt. No. 19 at 10 (quoting *Kenneth H. v. Comm'r of Soc. Sec.*, No. 6:21-CV-324, 2022 WL 2954364, *5 (N.D.N.Y. July 26, 2022)). Magistrate Judge Dancks further held that the ALJ's failure to explicitly evaluate whether Plaintiff's migraines meet or medically equal Listing 11.02(B) was "at most, harmless error." Dkt. No. 19 at 12.

Second, Magistrate Judge Dancks found that the ALJ's RFC determination was supported by substantial evidence. Specifically, Magistrate Judge Dancks found that the ALJ properly

6

articulated his consideration of the supportability and consistency of Dr. Raptoulis' and Dr. Schneider's opinions. *Id.* at 13-20.

Third, Magistrate Judge Dancks found that the ALJ properly determined that Plaintiff did not have a severe mental impairment at step two. *Id.* at 21. Magistrate Judge Dancks concluded that "the ALJ's analysis at step two and beyond provides sufficient explanation indicating that he reasonably and adequately considered the evidence related to Plaintiff's alleged impairments, including those he found to be not severe. … Therefore, substantial evidence supports the ALJ's conclusions at step two and remand is not warranted on this basis." *Id.* at 25 (citing *Reices-Colon v. Astrue*, 523 Fed. Appx. 796, 798 (2d Cir. 2013); *Fuimo v. Colvin*, 948 F. Supp. 2d 260, 269-70 (N.D.N.Y. 2013)).

**D.    Analysis**

Having carefully reviewed Magistrate Judge Dancks' Report–Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that the Commissioner's decision must be upheld. In her objections, Plaintiff repeats the same three arguments that Magistrate Judge Dancks addressed, arguing that the ALJ failed to identify Plaintiff's migraines as an impairment at step two, improperly weighed the opinion evidence of Dr. Schneider and Dr. Raptoulis, and improperly determined that Plaintiff did not have a severe mental impairment. *See* Dkt. No. 19.

The Court agrees with Magistrate Judge Dancks that the ALJ's failure to address Plaintiff's migraines at step two was harmless error. Plaintiff argues that it is irrelevant that the ALJ continued beyond step two because "he failed to properly discuss the impact that Plaintiff's migraines would have on her ability to engage in sustained work activity." Dkt. No. 19 at 2. Plaintiff further states that "the ALJ is required to account for functional limitations caused by

7

even non-severe impairments when formulating the RFC findings." *Id.* (citing 20 C.F.R. §§ 404.1523, 404.1545(a)(2)). But that is precisely what the ALJ did in this case. The ALJ fully discussed Plaintiff's migraines and their effect on Plaintiff's ability to perform tasks. Tr. at 22-24. Indeed, in formulating the RFC, the ALJ explicitly accounted for Plaintiff's migraines, and included "additional restrictions to fully accommodate any residual symptoms" such as "limitations to avoid extreme heats, extremely loud noise, extreme vibration, and extreme bright lights, such as strobe lights." *Id.* at 24. "Courts have held that error at step two in determining the severity of impairments is harmless if the ALJ finds at least one other severe impairment and continues through the sequence of the disability analysis because the non-severe impairments can later be considered at the RFC stage." *Kenneth H.*, 2022 WL 2954364, at *5. Despite Plaintiff's objection, the ALJ clearly considered Plaintiff's migraines at the RFC stage and therefore remand is not required.

    The Court also agrees with Magistrate Judge Dancks' finding that the ALJ properly considered the opinion evidence of Dr. Schneider and Dr. Raptoulis. Plaintiff argues that the ALJ failed to "expressly explain how the evidence supports his various conclusions regarding the persuasiveness of an opinion. This cannot be done merely by summarizing the record." Dkt. No. 19 at 2. The Court, however, finds that the ALJ thoroughly considered all evidence, including an explanation for weighing Dr. Schneider's and Dr. Raptoulis' opinions. The ALJ found Dr. Raptoulis' opinion unpersuasive because it was a "generic checkbox form with little narrative" and "contrary to the physical examinations . . . in which the claimant had no positive tender points, no swelling, and full range of motion" and, therefore, "inconsistent with the claimant's clinical findings." Tr. at 24. Similarly, the ALJ's finding that Dr. Schneider's opinion was unsupported and inconsistent with treatment records is supported by substantial evidence. As

Magistrate Judge Dancks discussed, the ALJ's conclusion was based on an accurate survey of the record. Plaintiff's objections fail to identify concrete errors in the ALJ's discussion that are not simply asking this Court to reweigh the evidence. *See, e.g.*, *Walsh on behalf of S.J.W. v. Comm'r of Soc. Sec.*, No. 1:16CV1413, 2018 WL 1229827, *5 (N.D.N.Y. Mar. 9, 2018) ("It is not the function of this Court to re-weigh evidence on appeal from a decision of the Commissioner, but rather to determine whether substantial evidence supports the Commissioner's decision").

Lastly, the Court finds that Magistrate Judge Dancks correctly found that the ALJ's determination that Plaintiff did not have a severe mental impairment was supported by substantial evidence. Plaintiff argues that the ALJ improperly relied on the non-examining state agency psychological consultant who did not review any evidence related to Plaintiff's mental health treatment. The ALJ, however, discussed both the administrative findings, as well as evidence of subsequent diagnosis and treatments. *See* Tr. at 18-20. Magistrate Judge Dancks found that "Plaintiff fails to demonstrate the subsequent evidence provided greater functional limitations than found by the ALJ." Dkt. No. 19 at 24. In her objections, Plaintiff repeats the same argument that Magistrate Judge Dancks addressed, but still does not argue that the administrative findings were rendered "stale." *See, e.g.*, *Carney v. Berryhill*, No. 16-CV-269, 2017 WL 2021529, *6 (W.D.N.Y. May 12, 2017). The Court agrees with Magistrate Judge Dancks that the later treatment records do not support a finding of material deterioration of Plaintiff's mental symptoms.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

9

**ORDERS** that Magistrate Judge Dancks' September 13, 2022 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2022
 Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge